**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **PATRICIA RICHARDS,** | |
| **Plaintiff,** | |
| v. | Civil Action No.: _____ |
| **MEDTRONIC, INC., and DR. CARL COVEY,** | **JURY DEMAND** |
| **Defendant.** | |

# C O M P L A I N T

## PARTIES

1. Plaintiff, Patricia Richards, an individual, is a resident citizen of the State of Alabama and over the age of nineteen (19) years old.

2. Defendant, Dr. Carl Covey, is a physician practicing in Little Rock, Arkansas and is over the age of nineteen (19) years.

3. Defendant, Medtronic, Inc., ("Medtronic"), is a firm, partnership or corporation doing business in the state of Alabama.

## FACTS

4. On March 19, 2009, Plaintiff was seen by the Defendant, Dr. Covey, for a refill of her pain pump medication. The refill was administered and Plaintiff returned to Alabama.

5.     On March 21, 2009, Plaintiff was found unresponsive and carried by ambulance to Baptist Medical Center Walker. It was determined that the Plaintiff had suffered a medication pain overdose.

6.     Hospital staff at Baptist Medical Center Walker called a representative for Defendant, Medtronics. At that time, Baptist Medical Center Walker was advised to transfer Plaintiff to Baptist Health Medical Center - Little Rock, where her pain pump physician, the Defendant, Dr. Covey, could treat her. The Plaintiff was transferred via ambulance from Jasper, Alabama to Little Rock, Arkansas on March 21, 2009.

7.     After being admitted to the hospital on March 21, 2009 and being observed, Baptist Health Medical Center - Little Rock made the decision the Plaintiff's pain pump was defective and should be replaced.

## ALABAMA EXTENDED MANUFACTURING DOCTRINE/PRODUCTS LIABILITY

8.     Plaintiff incorporates herein by reference the relevant and consistent allegations of the preceding paragraphs as if included herein.

9.     Defendant, Medtronics, is liable under the theory of product liability. Further, Plaintiff avers that the Defendant is liable under the Alabama Extended Manufactures Liability Doctrine. The Defendant, Medtronics, at all times material hereto, engaged in the business of designing, manufacturing, assembling, selling, marketing, and/or supplying the SynchroMed EL Pump, including the pain pump made the basis of this lawsuit which was used by Patricia Richards. The pump was

2

in a defective condition which rendered it unreasonably dangerous at the time it was designed, manufactured, sold, and/or marketed by the Defendant.  Patricia Richards was unaware of the defective condition of the pump at the time she used the product in the manner and for the purpose for which it was intended. The defective condition was the producing and proximate cause of Patricia Richards' injuries.  The pump was in the control of Defendant at the time the defect occurred.  Further, the injury sustained by Patricia Richards' medication overdose, was the exact type of injury that the Defendant knew a defective pump would cause.

### *1. Manufacturing Defect*

10.     More specifically, the pump at issue in this lawsuit was defective because of the existence of a manufacturing flaw which rendered the product unreasonably dangerous at the time it left the Defendant, and such defect was a producing cause of Patricia Richards' injuries.

### *2. Marketing Defect*

11.     Pleading further and without waiver of the foregoing, the pump at issue in this lawsuit was defective because it lacked adequate warnings and instructions. There was a risk of harm, a risk that is inherent in the pump or that may arise from the intended or reasonably anticipated use of the pump, which was reasonably foreseeable, or scientifically discoverable at the time of exposure. The Defendant, who exercised substantial control over the content of the warnings and/or instructions, or who knew of the content, knew or should have known of the risks at the time they marketed, sold and/or distributed the pump, but failed to provide

warnings of the dangers or instructions for safe use and/or failed to provide adequate warnings and/or instructions. The absence of such warnings and/or instructions rendered the product unreasonably dangerous to ultimate users like Patricia Richards. Such failure to warn and/or instruct was a producing cause Patricia Richards' injuries.

### *3. Design Defect*

12. Pleading further and without waiver of the foregoing, taking into consideration the utility of the product and the risks involved in its use, the pump at issue in this lawsuit was defectively designed so as to render it unreasonably dangerous. The Defendant, who participated in the design of the pump, could have provided a safer alternative design. Further, there was a safer alternative design that in reasonable probability would have prevented, or significantly reduced the risk of Patricia Richards' injuries without substantially impairing the pump's utility and that was economically and technologically feasible at the time the product left the control of the Defendant, by the application of existing or reasonably achievable scientific knowledge.

13. For these reasons, the Defendant is liable to Plaintiff under applicable products liability law (AEMLD). Plaintiff would show that the pump in question was designed, manufactured, sold, supplied, and/or marketed in a negligent, grossly negligent, and defective condition, and that such negligence, gross negligence, malice, and defects were a proximate cause of Patricia Richards' injuries.

## THE DEFENDANT'S NEGLIGENCE

14. The Defendants had a duty to exercise reasonable care in the manufacture, sale or distribution of the pump into the stream of commerce, including but not limited to, a duty to assure that the pump did not cause users to suffer from unreasonable, dangerous side effects. The Defendant failed to exercise ordinary care in the manufacture, sale, testing, quality assurance, quality control or distribution of the pump into interstate commerce in that this Defendant knew or should have known that the pump created a high risk of unreasonable, dangerous side effects.

15. More specifically, the Defendant's negligence in the design, manufacture, testing, and sale of the pump, includes but is not limited to its:

   a) failure to use due care in designing and manufacturing the pump;

   b) failure to use proper materials reasonably suited to the manufacture of the pump;

   c) failure to use due care to test and inspect the pump to determine its durability and functionality for the purpose for which it was intended;

   d) failure to conduct adequate testing and post-marketing surveillance to determine the safety of the pump;

   e) failure to inspect for defects;

   f) failure to provide adequate training to distributors for appropriate use of the pump;

    g)    failure to adequately warn individuals of the dangerous side effects of the pump; and

    h)    other and further particulars as will be proven at trial.

16. The pump that caused Patricia Richards' injuries was in the control of Defendant at the time the defect occurred. Further, the type of injury sustained by Patricia Richards medication overdose, is the exact type of injury caused by a defective pump.

17. The negligent, careless, and reckless conduct of the Defendant, as alleged above, was a proximate cause of Patricia Richards' injuries.

## **MISREPRESENTATION**

18. Defendant represented, marketed and distributed the pump as being safe and effective. However, after Defendant became aware of the risk of using the pump, Defendant failed to communicate to Patricia Richards and/or the general public that the use of this product could cause serious injury.

19. Therefore, Plaintiff brings this cause of action against Defendant under the theory of misrepresentation for the following reasons:

    a)    Defendant failed to warn Plaintiff and other consumers of the defective condition of the pump as manufactured and/or supplied by the Defendant;

    b)    Defendant, individually, and through their agents, representatives, distributors and/or employees, negligently misrepresented material facts about the pump in the course of its business in that it made such

misrepresentations when it knew or reasonably should have known of the falsity of such misrepresentations. Alternatively, Defendant made such misrepresentations without exercising reasonable care to ascertain the accuracy of these representations;

c) The above misrepresentations were made to Patricia Richards, as well as the general public;

d) Defendant supplied false information regarding the safety and efficacy of the pump for the guidance of others, including Patricia Richards;

e) Defendants failed to exercise reasonable care or competence in obtaining or communicating information regarding the safety and efficacy of the pump to Patricia Richards;

f) Patricia Richards justifiably relied on Defendant's misrepresentations; and

g) Consequently, Patricia Richards' use of the pump was to her detriment. Defendant's negligent misrepresentations proximately caused Plaintiff's injuries and losses.

## IMPLIED WARRANTY OF MERCHANTABILITY

20. Defendant breached its implied warrant of merchantability. Defendant was a merchant and/or seller of the pump. Defendant sold the pump to Patricia Richards and other consumers for the ordinary purpose for which such products are used by consumers. The pump was defective, or unmerchantable, i.e., not fit for the ordinary purpose for which such products are used, because it failed to safely

administer its medication to Patricia Richards. Plaintiff has notified Defendant of the breach. A defect or defects in the pump used by Patricia Richards for its ordinary purpose caused injuries and losses to Plaintiff.

## WANTONNESS

21. In addition to the foregoing, Defendant's conduct was of such a character and degree as to constitute wantonness as it knew or should have known that the pump it was manufacturing, marketing and selling was in an unreasonably dangerous condition. Defendant's conduct involved such want of care which would raise the belief that the acts and/or omissions complained of were the result of conscious and/or reckless indifference to the health, welfare, and safety of Patricia Richards.

## DAMAGES

22. As a direct or proximate consequence of the negligence or wantonness of the Defendants, the Plaintiff, Patricia Richards, was caused to suffer the following injuries and damages:

    (a)    she was caused to suffer physical pain and mental anguish;

    (b)    she was caused to seek medical treatment and was prevented from going about her normal activities;

    (c)    she was caused to incur medical expenses to treat and cure her injuries, and

    (d)    she was caused to be injured and damaged, all to her detriment.

8

-8-

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein and upon final hearing hereof, be granted Judgment against the Defendant, jointly and severally, for the damages described above; costs of Court; prejudgment interest; and post-judgment interest; all other relief to which Plaintiff may show himself justly entitled.

## MEDICAL MALPRACTICE

23. Plaintiff incorporates herein by reference the relevant and consistent allegations of the preceding paragraphs as if included herein.

24. Plaintiff avers that on or about March 19, 2009, the Plaintiff was under the care of the Defendant, Dr. Carl Covey, in that Dr. Covey was attempting to refill the Plaintiff's SynchroMed EL pain pump with pain medication. This procedure was performed by Dr. Covey in Little Rock, Arkansas.

25. Plaintiff returned home to Alabama after a short waiting period. After returning to Alabama, Plaintiff began to experience flu like symptoms and was ultimately found unresponsive. At the hospital, it was determined that the Plaintiff had experienced a narcotics overdose from a malfunction with her pain pump.

26. Plaintiff avers that the Defendant, Dr. Carl Covey, was under a legal duty to possess and exercise that degree of care, skill or diligence commonly possessed and exercised by physicians practicing in the same or similar specialty of practice in the national medical community as that practice by Dr. Covey at the time he cared for and treated the Plaintiff.

27. Plaintiff avers that the Defendant, Dr. Carl Covey, breached the minimum standard of care required of him, and hence was negligent in one or more of the following respects:

   a) negligently failed to ensure that the Plaintiff's pain pump was properly refilled with pain medication;

   b) negligently failed to adjust, regulate, and calibrate the pain pump following the installation of the medication;

   c) negligently failed to ascertain that the pain pump was in proper operating condition prior to releasing the Plaintiff from his care;

   d) negligently failed to warn the Plaintiff of the manufacturing defects in the pain pump that he had placed and was refilling;

   e) negligently failed to warn the Plaintiff of the likelihood of failure of this particular pump and its likely life expectancy;

   f) negligently failed to refill the pump in such a manner as to prevent it from overdosing the Plaintiff with medication.

   g) negligently failed to thoroughly, properly, timely and/or adequately evaluate Patricia Richards' condition;

   h) negligently failed to order the proper testing to adequately treat the Plaintiff's condition;

   i) negligently failed to monitor the Plaintiff's condition after filling the pain pump, and

   j) negligently cared for and treated Patricia Richards.

28.  Plaintiff avers that the aforesaid negligence of the named Defendant, Dr. Carl Covey, combined and concurred to proximately cause the injuries complained of herein.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer herein and upon final hearing hereof, be granted Judgment against the Defendants, jointly and severally, for the damages described above; costs of Court; prejudgment interest; and post-judgment interest; all other relief to which Plaintiff may show himself justly entitled.

**FARRIS, RILEY & PITT, L.L.P.**
Attorney for Plaintiff

*s/ Kirby D. Farris*
Kirby D. Farris
Suite 400, Massey Building
2025 3rd Avenue North
Birmingham, Alabama 35203
(205) 324-1212

<u>Serve Defendants</u>:

Dr. Carl Covey                                    (Certified Mail)
2 Lile Court
Suite 100
Little Rock, Arkansas 72205


MEDTRONIC, INC.,
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, Alabama 36104